

November 24, 2025

**<u>Via ECF</u>:**
The Honorable Anne Y. Shields
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: *New York Republican State Committee, et al. v. Kathy Hochul, et al.*
    <u>Eastern District of New York | Case No.: 2:25-cv-06083</u>

Dear Judge Shields:

  This office represents Plaintiffs in the above-referenced matter. I write in response to Defendants' Motion for Extension of Time to Answer, dated November 21, 2025 (ECF No. 011). Plaintiffs oppose Defendants' request for a seven-week extension of time, from November 26, 2025 to January 14, 2026, to respond to the Complaint.

  The delay proposed by Defendants would prejudice Plaintiffs and frustrate the purpose of this action. As set forth in the Complaint, Plaintiffs seek injunctive relief to prevent the ongoing and prospective infringement of their constitutional and statutory rights arising from New York's Even Year Election Law ("EYEL"). Each passing day compounds the harm suffered by Plaintiffs, whose First Amendment and Equal Protection rights are directly impacted by the challenged statute. In fact, as a result of the EYEL, several Plaintiffs may be required to redeclare their candidacies as early as January 2026—precisely the period through which Defendants seek to defer their opening response.

  Plaintiffs will seek expedited proceedings in this matter. Given the nature of the claims and the relief sought, this case is expected to involve minimal discovery and to proceed primarily on legal and expert issues. Plaintiffs will request that the Court set an early trial date to ensure that their rights are protected and that the issues are adjudicated in advance of the upcoming election cycle.[1]

  Defendants' proffered justification—that additional time is needed to "examine the claims and novel constitutional and statutory issues"—is insufficient to warrant the extensive delay they

---

  [1] The delay proposed by Defendants would heighten the risk that judicial review of the challenged statute is constrained by the principles articulated in *Purcell v. Gonzalez*, 549 U.S. 1 (2006), which caution against courts altering election procedures on the eve of an election. Prompt resolution of this matter will ensure that the Court's consideration of Plaintiffs' constitutional claims occurs well in advance of the 2026 election cycle.

seek. As Defendants note in their letter request, Plaintiffs consented to a two-week extension to December 10, 2025. That period provides ample time for Defendants to prepare their response.

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' motion insofar as it seeks an extension beyond December 10, 2025.

                Respectfully,

                */s/ William A. Brewer III*
                William A. Brewer III
                **BREWER, ATTORNEYS**
                **& COUNSELORS**