

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

March 5, 2026

The Honorable Gary R. Brown
United States District Judge
100 Federal Plaza
Central Islip, New York 11722

**Re:** *New York Republican State Committee et al. v. Hochul et al.,* No. 2:25-cv-06083

Dear Judge Brown:

This Office represents Defendants State of New York and Kathleen Hochul, Governor of the State of New York, in the above-captioned matter. We write regarding the pre-motion conference currently scheduled for March 9, 2026.

This week Defendants learned that on January 13, 2026, certain plaintiffs in *County of Onondaga v. State*[1] – the prior state court action challenging New York's Even Year Election Law ("EYEL") – filed a Petition for a Writ of Certiorari (the "Petition") before the United States Supreme Court challenging the New York Court of Appeals decision affirming dismissal of the state court action. *See Rockland County, New York, et al., Petitioners v. New York, et al.*, No. 25-836 (the "Rockland County Matter"). The Rockland County Matter presents several federal constitutional questions for review by the United States Supreme Court, including, *inter alia*, "[w]hether a state election law that consolidates local elections into even-year ballots for some counties – but not others – imposes constitutionally cognizable burdens on voting, political speech, and association that must be meaningfully weighed under the Anderson-Burdick [*sic*] framework." *See Rockland County*, No. 25-836, Pet. for a Writ of Certiorari, at 2, Jan. 13, 2026. On February 25, 2026, the Supreme Court scheduled a conference for the Justices to consider the Petition in the Rockland County Matter for March 20, 2026.

In light of these recent developments, Defendants request an adjournment of the pre-motion conference on Defendants' anticipated motion to dismiss until after the United States Supreme Court has determined whether to grant certiorari in the Rockland County Matter. The Supreme Court's certiorari decision will directly affect the issues raised in Defendants' pre-motion letter. As an initial matter, one of the primary arguments asserted by Defendants is *res judicata*, *i.e.*, that over half of the plaintiffs in this case already unsuccessfully asserted, or could have asserted, the

---

[1] As Defendants explained in their pre-motion letter, *Cnty. of Onondaga* involved various challenges to the EYEL, including a First Amendment challenge, in eight consolidated cases. In October 2025, the New York Court of Appeals affirmed dismissal of the consolidated cases, finding that the EYEL did not violate the New York State or federal constitution and that the "EYEL is a neutral law which changes the timing of elections in a manner common to all voters, and imposes no form of restriction, burden or limitation on voting." *Cnty. of Onondaga v. State*, No. 66, 2025 WL 2932957, at *5 (N.Y. Oct. 16, 2025).

same claims and arguments in the *Onondaga* matter. The Supreme Court's decision regarding whether to grant certiorari and review the New York Court of Appeals' decision in *Onondaga* will directly impact this court's consideration of Defendants' *res judicata* arguments. Similarly, given that Defendants argue that Plaintiffs fail to allege a cognizable First Amendment injury, which is one of the questions presented in the Rockland County Matter and a question the New York Court of Appeals answered in the negative, the Supreme Court's consideration of that issue will also impact resolution of Defendants' anticipated motion to dismiss.

Based on the foregoing, Defendants request an adjournment of the March 9, 2026, pre-motion conference to allow the Supreme Court to determine whether to grant certiorari in the Rockland County Matter before consideration of Defendants' pre-motion letter. The Petition in the Rockland County Matter is currently scheduled for consideration by the Justices at conference on March 20, 2026. Based on Guidance from the Supreme Court's website, as well as the experience of our Office, "[i]n most cases, the disposition of a petition discussed at a particular conference will be announced . . . on the Monday after that conference."[2] Thus, we anticipate a decision from the Supreme Court regarding certiorari in the Rockland County Matter by March 23, 2026. Counsel for Plaintiffs have extended their consent to an adjournment of the pre-motion conference until the week of March 23. However, counsel for Defendants will be engaged in the trial in the matter of *Jimenez v. Vargas, et al.*, No. 2:16-cv-5846-GRB-LGD, which is scheduled to commence before Your Honor on March 23, 2026. Thus, we request that Defendants be allowed to provide an update to the Court on the status of the Rockland County Matter immediately after the Supreme Court issues its decision on certiorari, and, thereafter, the parties be allowed to propose alternative dates for the pre-motion conference.

Thank you for your attention to this request.

Respectfully submitted,

s/ *Rakim Johnson*
Rakim Johnson
Assistant Attorney General
(516) 248-3253 | Rakim.Johnson@ag.ny.gov

Helena Lynch
Assistant Attorney General
(516) 248-3312 | Helena.Lynch@ag.ny.gov

---

[2] Supreme Court Rules & Guidance, Case Distribution Schedule, *available at* https://www.supremecourt.gov/casedistribution/casedistributionschedule.aspx.